**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| James R. Edens (N-60262), | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50075 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Salvador Godinez, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff James Edens's motion for leave to proceed *in forma pauperis* [4] is granted. The court authorizes trust fund officials at plaintiff's place of confinement to deduct $32.26 from plaintiff's account as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with 28 U.S.C. § 1915(b) until the filing fee is paid. The clerk shall send a copy of this order to the supervisor of prisoner trust accounts at Dixon Correctional Center. As explained herein, plaintiff's complaint is barred by *res judicata* and is dismissed with prejudice. Plaintiff's motion for the court to direct the U.S. Marshal to serve plaintiff's compliant [5], as well as any other motion not addressed in this order, is denied.

## STATEMENT

Plaintiff James Edens, a prisoner confined at Dixon Correctional Center proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Illinois Department of Corrections ("IDOC") Director Salvador Godinez, IDOC Chief of Operations Joseph Yurkovich, former Dixon Warden Nedra Chandler, and unknown officers with an IDOC tactical team known as the "Orange Crush." Plaintiff alleges the Orange Crush conducted an unreasonable strip and cell search of plaintiff and other Dixon inmates in mid-April of 2014. Plaintiff states that, in addition to destroying his and other inmates' property and eating their commissary-purchased food, officers ordered inmates to strip, squat, spread their buttocks, and lift their genitals—all in front of other inmates and female officers. Each inmate was then handcuffed with his palms facing outward and made to march naked with his legs straight while bending forward so that his chest and torso were on top of the back of the inmate in front of him. Plaintiff states he was forced to walk with his genitals next to the buttocks of the inmate ahead of him while officers repeatedly shouted "Nuts to Butts." [1] at 18. Plaintiff contends this type of search is regularly performed by Orange Crush officers at Illinois prisons.

Plaintiff's allegations are identical to those stated in his prior suit *Edens v. Godinez*, No. 16 C 50002 (N.D. Ill.), which this court dismissed upon determining that plaintiff's failure to provide a complete litigation history constituted a fraud on the court. *See Edens*, No. 16 C 50002 (N.D. Ill. Feb. 4, 2016), citing *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011), and *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The only difference between plaintiff's complaint in

this suit and his prior suit is that he now provides a more complete description of his litigation history. The dismissal of his prior case bars the current one.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine is designed to: relieve parties of the costs and burdens of defending against repeated lawsuits, conserve judicial resources, and promote reliance on and the reliability of adjudications by preventing inconsistent decisions. *Id.*; *see also Merritte v. Lasalle County Sherriff's Off.*, No. 14 C 7058, 2015 WL 8986857 at *3 (N.D. Ill. Dec. 16, 2015) (Kendall, J.). "The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens Group v. United States Dep't of Tranps.*, 456 F.3d 734, 741 (7th Cir. 2006); *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015).

Because plaintiff "filed the same complaint as in Case [16 C 50002] with the same claims against the same parties, the first two requirements of res judicata are fulfilled." *Merritte*, 2015 WL 8986857 at *5. Simply viewing the complaint in this case and in plaintiff's prior case reveals that the complaints are identical with the exception of a more complete listing of plaintiff's litigation history in this case. *Compare Edens v. Godinez*, No. 16 C 50002 and No. 16 C 50075, Dkt. Entries 1. The parties and claims in both cases are the same.

With respect to the third *res judicata* requirement, the dismissal of plaintiff's prior case for failing to provide a complete listing of his litigation history was a ruling on the merits. Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--*operates as an adjudication on the merit*s.

Fed. R. Civ. P. 41(b) (emphasis added). The dismissal order in Case No. 16 C 50002 did not state the dismissal was without prejudice, and the plain language of Rule 41(b) indicates that the dismissal must be treated as "an adjudication on the merits." *Id.*

Moreover, the court intended its dismissal order in Case No. 16 C 50002 to be with prejudice and final. The court found that plaintiff's failure to fully provide his litigation history constituted an "effective 'fraud' on the court justif[ying] 'immediate termination of the suit.'" *Edens*, No. 16 C 50002 (N.D. Ill. Feb. 4, 2016); quoting *Sloan*, 181 F.3d at 859. The Seventh Circuit in *Hoskins*, upheld a finding of fraud on grounds similar to plaintiff's and found that dismissal with prejudice as a sanction was not an abuse of discretion. *Hoskins*, 633 F.3d at 543-44. "Such sanctions are permissible in a case like this because a district court relies on a party's description of his litigation history to manage its docket." *Id.* at 544. Any doubt that the dismissal of Case No. 16 C 50002 was with prejudice should have been resolved by the court's denial of plaintiff's motion for rehearing, wherein the court not only clarified that its dismissal was a sanction based on a finding of fraud, but also stated that the dismissal of the case and

denial of plaintiff's timely Rule 59(e) motion triggered the 30-day period for filing a notice of appeal. *See Edens*, No. 16 C 50002 (N.D. Ill. March 21, 2016). Had the court intended the dismissal not to be a final ruling on the merits, the court would have dismissed without prejudice and invited the filing of an amended complaint. However, it was clear to the court that plaintiff's omission of cases from his litigation history amounted to fraud warranting immediate dismissal with prejudice. *Id.*

The dismissal of plaintiff's prior case therefore must be considered a final judgment on the merits. *See Merritte*, No. 14 C 7058, 2015 WL 8986857 at *3, citing *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014) (dismissal for want of prosecution constitutes a final adjudication on the merits under Rule 41(b)); *Idahosa v. Blagojevich*, 297 F. App'x 541, 542 (7th Cir. 2008) ("That the district court did not reach the merits is of no consequence" in determining whether the final judgment is on the merits). Accordingly, plaintiff is barred by *res judicata* from bringing the same cause of action against the same parties.

For the above stated reasons, plaintiff's complaint and this case are dismissed with prejudice. Plaintiff's motion seeking service of his complaint on defendants is denied.

If plaintiff wishes to appeal the dismissal of this case, he must file a notice of appeal with this court within thirty days of the entry of this order. *See* Fed. R. App. P. 4(a)(1) and 4(a)(4). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Also, if the appeal is found to be non-meritorious, it could be considered one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). A prisoner who accumulates three § 1915(g) dismissals cannot proceed *in forma pauperis* in federal court unless he is in imminent danger of serious physical injury. *Ibid.* If plaintiff seeks to proceed *in forma pauperis* on appeal, he must file in this court another application seeking leave to proceed *in forma pauperis* and provide the grounds for his appeal. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a).

Date: 04/28/2016         ENTER:

_Philip G. Reinhard_
_____
United States District Court Judge

Notices mailed by Judicial Staff. (IK)